AFSCME V. CITY OF LAS VEGAS

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES,
COUNCIL 18, AFL-CIO, LOCAL 2851,
Appellant-Petitioner,
v.
CITY OF LAS VEGAS, NEW MEXICO,
Appellee-Respondent.**

NO. A-1-CA-35840

COURT OF APPEALS OF NEW MEXICO

February 4, 2019

APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY, Abigail Aragon, District Judge

**COUNSEL**

Youtz & Valdez, P.C., Shane Youtz, Stephen Curtice, James A. Montalbano, Albuquerque, NM, for Appellant

Holcomb Law Office, Dina E. Holcomb, Albuquerque, NM, for Appellee

**JUDGES**

J. MILES HANISEE, Judge. WE CONCUR: LINDA M. VANZI, Judge, JULIE J. VARGAS, Judge

**AUTHOR:** J. MILES HANISEE

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}**    The American Federation of State, County and Municipal Employees, Council 18, AFSCME Local 2851 (AFSCME) appeals from the district court's order upholding the administrative decision of the City of Las Vegas Labor Management Relations Board[1] (the Board), which dismissed AFSCME's petition seeking to accrete, or add, certain employees of the City of Las Vegas (the City) into the existing "blue and white collar bargaining unit." AFSCME argues, inter alia, that the district court erred in determining that "the record supports the [Board's] decision." We conclude that the record as presently constituted does not support the Board's decision and, therefore, reverse and remand for further proceedings consistent with this opinion.[2]

## BACKGROUND

**{2}**    AFSCME filed a "Petition for Clarification (Accretion)" (AFSCME's petition) with the Board seeking to accrete various positions into an existing bargaining unit covering City employees. While all of the positions included "supervisor" as part of the job title, AFSCME asserted that the employees occupying the positions were not themselves "supervisors" as that term is defined under the Public Employees Bargain Act (PEBA), NMSA 1978, §§ 10-7E-1 to -26 (2003, as amended through 2005). On March 10, 2015, the Board held an all-day hearing (merits hearing), at which employees then holding the positions at issue testified, as did some of their subordinates, AFSCME officials, and managerial representatives from the City. In addition to taking witness testimony, the Board received for its consideration numerous exhibits submitted by the parties, as well as a post-hearing brief from each party.

**{3}**    On April 27, 2015, the Board met to consider AFSCME's petition. When it convened, the Board's chairman called the meeting to order and stated, "[W]e haven't had a chance . . . to get together and go over the information" related to AFSCME's petition and that "[w]hat we'd like to do is call into executive session for . . . at least 15 minutes before we actually start the meeting." After an unspecified period of time, the chairman returned and announced, "[W]e are out of executive session[,]" explained that the board members had considered all of the information before them, and proceeded to allow another board member "go through the decisions" of the Board. That board member explained that the Board had "considered a number of factors . . . includ[ing] the definition of supervisor . . . [and] the relevant arguments that have been presented both in the briefs and the attached case law." He further explained that "one of the things that we keyed off on was the definition of federal law in regards to exercising independent judgment," which he described as "one of the overriding principles for all the positions that we're going to be discussing." As to each of the five individuals whose position the petition sought to accrete into the unit, the Board summarily concluded that "[AFSCME] ha[d] not met its burden of proof to accrete." For only one of the individuals, Benito Lujan, did the Board identify specific evidence—the testimony of one employee supervised by Lujan that "she had been told by Mr. Lujan that he would write her up if she did certain things"—to support its denial of the petition to accrete. The Board issued an oral ruling denying AFSCME's petition and excluding the five positions from the bargaining unit.

**{4}** Nearly five months later, on September 10, 2015, the Board issued a two-page order, titled "Order Dismissing Clarification Petition." The order contains neither a discussion of the evidence nor findings of fact to support the Board's decision and provides no explanation of the Board's ruling, despite the governing Board rule requiring that it file a report within fifteen days following the close of a hearing in which it makes findings of fact and conclusions of law and "adequately explain[s] the Board's reasoning." City of Las Vegas, Labor/Mgmt. Relations Bd., Rules & Regulations, § II, Rule 2.13. Instead, the order merely states that the Board found that AFSCME "has not met its burden of proof to accrete the position[s] into the bargaining unit."

**{5}** The next day, AFSCME filed its notice of appeal in the district court and sent a letter to the Board to request the preparation and filing of the record proper in accordance with Rule 1-074 NMRA (providing procedures to be followed in appeals from administrative agencies to the district courts). When the Board still had not filed the record nearly three months later, *see* Rule 1-074(H) (providing that the agency shall file the record on appeal within thirty days, unless otherwise provided by law), AFSCME moved for an order to show cause. The day after AFSCME filed a request for hearing on its motion, the Board filed approximately two hundred pages of documents designated as the "Record Proper." Three weeks later, the Board filed an "Amended Record Proper," containing numerous new documents and some, but not all, of the records originally filed in the "Record Proper" and totaling nearly four hundred pages. AFSCME thereafter withdrew its motion for an order to show cause.

**{6}** The district court held a hearing on August 4, 2016. AFSCME argued that the Board's decision "goes against the overwhelming evidence and is not based at all on substantial evidence" and that it "failed to apply the facts to black letter law when it comes to whether someone is a supervisor, manager, or confidential employee." AFSCME noted that the Board's decision failed to even specify what exemption—i.e., supervisor, manager, or confidential employee—it found applied to justify denying the petitioning employees their presumptive right to join a bargaining unit.[3] AFSCME also argued that the Board's reliance on federal law and the Board's reference to the "independent judgment" standard applied under federal law evinced a clear misapprehension of the law because New Mexico does not follow the federal definition of "supervisor." AFSCME represented to the district court that each of the employees who testified said that they did not devote more than fifty percent of their time to supervisory work, which AFSCME argued alone establishes that the five employees do not meet the applicable legal definition of "supervisor."[4]

**{7}** The City argued that AFSCME had not met its burden to show that there was insufficient evidence to support the Board's decision and that AFSCME was impermissibly trying to reargue the case before the district court. The City primarily focused on what it contended was AFSCME's failure to apprise the district court of the evidence AFSCME presented that the Board failed to consider. The City argued that there was substantial evidence to support the Board's decision, specifically the Board's determination that AFSCME did not "meet [its] burden." The City repeatedly asserted

that AFSCME had failed to provide citations to support its assertions regarding the testimony given at the merits hearing.

**{8}**     In rebuttal, AFSCME explained its failure to provide citations for its recounting of the evidence—specifically the testimony by employees at the merits hearing—by pointing out that the Board had never provided a transcript or recording of the merits hearing. The district court questioned both parties about the lack of (1) findings of fact and conclusions of law from the Board, and (2) a recording or transcript of the merits hearing. AFSCME noted that "the record is lacking a recording of the hearing or a transcript of the hearing" and that "if the court were curious, that might be helpful." However, AFSCME also stated that it did not think the district court would be "much more enlightened by listening to the recording" given that AFSCME had made "accurate and honest" representations in its brief regarding what was said at the merits hearing. The City, for its part, told the district court that there was "about nine hours' worth of testimony" and assured the court that it had cited to the relevant portions of the hearing in its briefing. Thus, the parties agreed on little more than that the case could be decided on the record before the district court and that the district court need not remand for findings or order the record supplemented with a recording or transcript of the merits hearing, a premise with which we disagree.

**{9}**     On August 15, 2016, the district court entered its own two-page written order upholding the Board's decision. The district court concluded that "the record supports the [Board's] decision[,]" that the decision "is not arbitrary, capricious, or contrary to law[,]" and that the Board "acted appropriately and within its scope of authority." We granted AFSCME's ensuing petition for a writ of certiorari. *See* Rule 12-505(D)(2)(d) NMRA.

## DISCUSSION

### Standard of Review

**{10}**    "Upon a grant of a petition for writ of certiorari under Rule 12-505," this Court "conducts the same review of an administrative order as the district court sitting in its appellate capacity, while at the same time determining whether the district court erred in the first appeal." *City of Albuquerque v. AFSCME Council 18 ex rel. Puccini*, 2011-NMCA-021, ¶ 8, 149 N.M. 379, 249 P.3d 510 (alteration, internal quotation marks, and citation omitted). Applying that same standard, this Court reviews the action of the Board to determine whether its decision was "arbitrary, capricious, or an abuse of discretion; not supported by substantial evidence in the record; or, otherwise not in accordance with law." *Rio Grande Chapter of the Sierra Club v. N.M. Mining Comm'n*, 2003-NMSC-005, ¶ 17, 133 N.M. 97, 61 P.3d 806. A ruling by the Board "is arbitrary and capricious if it is unreasonable or without a rational basis, when viewed in light of the whole record." *Id.* "This standard requires that we independently review the entire record of the administrative hearing to determine whether the decision was arbitrary and capricious, not supported by substantial evidence, or otherwise not in accordance with law." *2727 San Pedro LLC v. Bernalillo Cty. Assessor*, 2017-NMCA-008, ¶ 15, 389 P.3d

287. In an administrative appeal involving a question of substantial evidence, "we review the district court's ruling by independently examining the entire record, keeping in mind that a reviewing court may not substitute its judgment for that of the [agency]." *Gallup Westside Dev., LLC v. City of Gallup*, 2004-NMCA-010, ¶ 11, 135 N.M. 30, 84 P.3d 78. The question in a substantial evidence review is not whether a different result could have been reached but "whether the record supports the result reached[.]" *Id.*

**The Deficient Record Necessitates Reversal, Remand, and Further Proceedings**

**{11}** We begin by noting the overall failure of the Board (and the City, following the Board's dismissal from the case) to comply with its obligations under Rule 1-074, which sets forth specific rules to be followed in administrative appeals to the district court. As noted above, it took months for the Board to file the "Record Proper" in the district court in clear violation of Rule 1-074(H) (providing that the agency shall file the record on appeal "within thirty (30) days after the filing of the notice of appeal with the agency"). The Board then filed an "Amended Record Proper" some three weeks later. On the face of the filings, neither the purported record nor the amended record complies with the basic requirements of Rule 1-074(H), specifically that "the agency shall number consecutively . . . the pages of the record on appeal[,]" which are to "be organized by date submitted to the agency beginning with the earliest paper or pleading[.]" *Id.* More importantly, from a substantive standpoint, the Board's filings fail to comply with Rule 1-074(H)(2), which provides that "the record on appeal *shall consist of* . . . a copy of *all* papers, pleadings, and exhibits filed in the proceedings of the agency, entered into or made a part of the proceedings of the agency, or actually presented to the agency in conjunction with the hearing[.]" (Emphasis added.) As an example, the Board's "Amended Record Proper" purports to include the post-hearing briefs submitted by the City and AFSCME, relied upon by the Board in reaching its decision, and cited by the City in its brief to the district court. However, after a diligent search, this Court has been unable to locate those briefs.

**{12}** While the aforementioned deficiencies hamper efficient appellate review, it is the Board's and the City's failure to file a transcript or recording of the merits hearing in accordance with Rule 1-074(H)(4) (providing that the record on appeal shall consist of "the transcript of the proceedings, if any"), that renders impossible any meaningful appellate review. As stated, we are required—as was the district court in its own appellate capacity—to review the record *as a whole*. Because neither a transcript nor a recording is part of the record before us, we assume that the district court did not order the City to supplement the record on appeal, despite the parties' acknowledgment and the district court's awareness that the district court did not have the complete record before it. The unexplained absence of a hearing recording or transcript necessarily forecloses effective appellate review—both at the district court and before us—of whether the Board's decision is supported by substantial evidence in the record when viewed as a whole.

**{13}** The City argues on appeal that AFSCME "bears the burden of bringing a record that is sufficient to support its contentions" and that AFSCME's "failure to satisfy this

burden" and comply with Rule 12-318 NMRA's requirements to cite the record proper in support of any arguments made "is grounds for striking [AFSCME's] brief in chief in its entirety or declining to address contentions made therein." While Rule 1-074(H)(4) provides that the party "desiring a copy of the transcript of the proceedings shall be responsible for paying the cost, if any, of preparing such copy[,]" the rule is clear that it is the *agency's* responsibility to timely file the record proper in the district court. Rule 1-074(H). The City can hardly be heard to complain that AFSCME failed to comply with applicable rules requiring it to support its arguments with citations to the record, *see* Rule 1-074(K)(3) (requiring arguments to be supported by "citations to . . . the record on appeal relied upon") and Rule 12-318(A)(4) (requiring arguments to be supported with "citations to . . . [the] record proper, transcript of proceedings, or exhibits relied on"), when it was the City's responsibility in the first instance to provide a complete record to the district court and repeatedly failed to do so.

**{14}** Troubling also is the City's failure to comply with its own obligations—identical to AFSCME's—to provide citations to the record in support of its argument that there *was* substantial evidence to support the Board's decision. *See* Rule 1-074(L) ("The appellee's response *shall conform* to the requirements of Subparagraphs (1) to (4) of Paragraph K of this rule[.]"); Rule 12-318(B) ("An answer brief shall conform to the requirements of the brief in chief[.]"). Conspicuously absent from the City's presentation in the district court was any discussion whatsoever of the evidence—testimonial or otherwise—that supported the Board's decision that each of the five positions was ineligible for accretion to the unit. *See Gallup Westside Dev., LLC*, 2004-NMCA-010, ¶ 11 (explaining that the question to be answered in a substantial evidence challenge is "whether the record supports the result reached"). Instead, the City merely pointed to the Board's verbal explanation of the generic "bases"—i.e., the definition of supervisor, the parties' arguments in their briefs, unspecified "case law," and the testimony of one of Lujan's employees—it relied on to conclude that AFSMCE "had not met its burden of proof" to support the Board's decision. But the question before the district court was not whether the Board properly concluded that AFSCME had not met its burden of proof. Rather, in order to affirm the Board's decision, the record on the whole had to contain substantial evidence to support the Board's ultimate determination that each of the five positions AFSCME sought to accrete to the unit was not appropriate for accretion. For the same reasons we cannot now determine this issue, neither could the district court have done so on the incomplete and inadequate record on appeal before it.

**{15}** Notably, Rule 1-074(I) provides that "[i]f anything material to either party is omitted from the record on appeal by error or accident, the parties by stipulation, or the agency on request, or the district court, on proper suggestion or on its own initiative, may direct that the omission be corrected and a supplemental record transmitted to the district court[.]" While the rule provides the district court discretion to "direct that the omission be corrected[,]" *Id.* we conclude that the district court erred here in failing to direct the City to supplement the record on appeal with the transcript or recording of the merits hearing given that the primary issue before the district court was whether there was substantial evidence to support the Board's denial of AFSMCE's petition. Under different circumstances—for example, where the district court is presented with purely

legal questions in an administrative appeal—the failure to correct such an omission may not constitute error. But because of the nature of AFSCME's appeal and the whole-record standard of review, the district court could not have properly carried out its responsibilities under Rule 1-074 without undertaking an independent review of the entire record, including, critically, the merits hearing, as well as all evidence presented to the Board. Particularly given the absence of findings of fact and conclusions of law by the Board and the scant reasoning provided by the Board at the April 27, 2015, meeting when it rendered its decision on AFSCME's petition, the district court was not in a position to draw an informed conclusion as to whether the Board's decision was or was not supported by substantial evidence without reviewing the *whole* record as the rule requires it to do.

**{16}** We, therefore, reverse the order of the district court affirming the decision of the Board and remand to the district court with instructions that it (1) direct the City to timely file a proper and complete record in accordance with all of the requirements of Rule 1-074(H), and (2) undertake whole record review of the entire record to determine whether substantial evidence supports the Board's determination that none of the five positions is eligible for accretion. In the event that no recording of the merits hearing was ever made or currently exists, the district court shall vacate the Board's decision and remand the case to the Board with instructions that it conduct a new merits hearing that shall be recorded in accordance with the Board's rules.

**{17}** This opinion is not to be construed as restricting in any way the district court's ability to exercise its discretion under Rule 1-074 to effectuate proper appellate review of the Board's decision. *See, e.g.*, Rule 1-074(X)(4) (providing that the district court may "take such action as it deems appropriate" in the event that it determines that any party has failed to comply with Rule 1-074's requirements). Indeed, the district court may very well determine on remand that remanding to the Board for findings and conclusions is appropriate despite the parties' contention to the contrary, *see* Rule 1-074(T)(1), or that the parties should have to rebrief their arguments following the filing of the complete record proper in order to comply with Rule 1-074(K)-(M). The critical point we emphasize is that this Court's inability—despite our best, and, unfortunately, wasted, efforts—to even reach the merits of this appeal, much less resolve them, directly stems from the combined failures of the parties and the district court to adhere to the straightforward and sensible requirements set forth in Rule 1-074. Those requirements, as evidenced by this case, exist for a reason, and care should be taken to comply with them in order to facilitate the meaningful appellate review of administrative decisions as contemplated by the rule.

**CONCLUSION**

**{18}** For the foregoing reasons, we reverse the district court's order affirming the Board's decision and remand for proceedings in accordance herewith.

**{19}  IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**JULIE J. VARGAS, Judge**

---

1The Board and the City were both named as defendants in AFSCME's appeal to the district court, but the Board was dismissed as a party on its unopposed motion on August 1, 2016.

2Because we reverse on this basis, we do not reach AFSCME's arguments that the Board (1) violated the Open Meetings Act, NMSA 1978, §§ 10-15-1 to -4 (1974, as amended through 2013), by voting on AFSCME's petition in closed session, and (2) improperly assigned the burden of proof to AFSCME.

3The City's Labor Management Relations Ordinance (the Ordinance) provides that "[e]mployees, other than management, supervisory, confidential, and probationary employees, may form, join, or assist any labor organization for the purpose of collective bargaining." Las Vegas, N.M., Code Ordinances ch. 48, Part I, § 48-5.

4The Ordinance defines "supervisor" as "[a]n employee who devotes a majority amount of work time to supervisory duties, who customarily and regularly directs the work of two or more other employees, and who has the authority in the interest of the employer to hire, promote, or discipline other employees or to recommend such actions effectively." Las Vegas, N.M., Code Ordinances ch. 48, Part I, § 48-4. The definition further specifies that it "does not include individuals who perform merely routine, incidental, or clerical duties or who occasionally assume supervisory or directory roles or whose duties are substantially similar to those of their subordinates and does not include lead employees or employees who occasionally participate in peer review or evaluation of employees."